UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DENNIS D. THOMAS** | **CIVIL ACTION NO. 3:10-CV-0478** |
|     **LA. DOC #533237** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN ALVIN JONES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dennis D. Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 16, 2010. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana and he complains that he was denied his right of access to the courts. He sued Warden Alvin Jones, Assistant Warden James Shaw, Captain Greg Williams, and East Carroll Parish Sheriff Mark Shumate. He prayed for punitive damages in the amount of $40,000 and reimbursement of the cost of his criminal trial transcript. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff, who was charged with second degree murder, was convicted of manslaughter following a bench trial which took place over three days in September, October, and November 2007 in the First Judicial District Court, Caddo Parish. He was sentenced to serve 33 years at

hard labor.

In January 2008 he was transferred from the Caddo Parish Jail to RBDC. In July 2008 he advised Warden Jones that he was in the process of mounting a legal challenge to his conviction. He complained to the Warden about various inadequacies in the facility's law library and asked Jones to transfer him to a another facility so he could prepare his *pro se* appeal brief. However, his request was not honored. Plaintiff submitted a number of requests for transfers thereafter; however, none were answered.

Plaintiff's motion for appeal was granted in April 2008. The Louisiana Appellate Project was appointed to represent him and his court-appointed appellate counsel filed a brief arguing three assignments of error – (1) the trial court erred when it refused to admit into evidence the grand jury testimony of a witness who was unavailable at trial; (2) sufficiency of the evidence; and, (3) excessiveness of sentence. [Doc. 1-2, pp. 42-58]  Thereafter, on November 13, 2008, plaintiff filed a *pro se* brief on appeal in which he argued (1) the trial court erred in admitting his statements to the police into evidence; (2) ineffective assistance of trial counsel; (3) sufficiency of the evidence. [Doc. 1-2, pp. 1-22]

On April 8 2009, the Second Circuit Court of Appeals affirmed plaintiff's conviction and sentence; on May 7, 2009, his request for a rehearing was denied. *State of Louisiana v. Dennis D. Thomas*, 44,113 (La. App. 2 Cir. 4/8/2009), 7 So.3d 838, rehearing denied, 5/7/2009.

On April 22, 2009, his court-appointed appellate counsel advised plaintiff that he would seek further review in the Louisiana Supreme Court. [Doc. 1-2, p. 83] On May 7, 2009, plaintiff's court-appointed attorney filed an application for writs of *certiorari* in the Louisiana Supreme Court. [Doc. 1-2, pp. 23-39] Plaintiff's application for *certiorari* was denied on

February 5, 2010. *State of Louisiana v. Dennis D. Thomas*, 2009-1041 (La. 2/5/2010), 27 So.3d 296. [See also Doc. 1-2, p. 51] On February 10, 2010, his court-appointed appellate counsel advised plaintiff that he was "... reviewing the matter to see whether there is any basis for seeking writs in the United States Supreme Court..." [Doc. 1-2, p. 50] On April 29, 2010, plaintiff apparently filed an application for an extension of time to file a petition for writ of *certiorari* in the United States Supreme Court.[1]

Meanwhile, on September 18, 2009, plaintiff was transferred from RBDC Phase #2 to RBDC Phase #3. He soon discovered that his new prison "... did not have an operating law library..." and he advised Assistant Warden Shaw that he was in the process of preparing a federal *habeas corpus* petition and was in need of legal assistance and access to legal reference material. He also advised that he was attempting to obtain a copy of his trial transcript from the First Judicial District Court and he would need to make a copy of the court's response. The First Judicial District Court apparently denied his request for a free copy of his trial transcript and therefore plaintiff began the process of seeking writs in the Second Circuit Court of Appeal. At this time he advised Shaw that he needed a legal-size envelope and sufficient postage. According to plaintiff, he did not receive a reply from Shaw and therefore, he was "... unable to meet the deadline of October 8, 2009..." which "...prevented [plaintiff] from filing a complete application for supervisory writs and therefore [Shaw] did willfully and maliciously deny [plaintiff] ... access to the courts." [Doc. 1, p. 7] Plaintiff also requested Captain Williams to copy a document for him on September 28, 2009. He advised Williams that the document was

---

[1] See http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/09a1038.htm

part of his application for supervisory writs. On October 2, 2009, the document was returned to plaintiff with the notation that he had insufficient funds in his prison account to pay for photocopying. Plaintiff was therefore unable to complete his writ application to the Second Circuit and so he ceased all efforts in that regard.

Plaintiff has prepared a *pro se* application for post-conviction relief to be filed in the First Judicial District Court. [Doc. 1-2, pp. 74-80[2]] It is uncertain whether he has filed the pleading and whether if filed, it remains pending.

As noted above, the instant civil rights complaint was filed on March 16, 2010. Plaintiff claims, "Had I been better informed of the laws and statutes applicable to my case, I would have obtained a favorable judgment. Warden Jones, by refusing to transfer me to another prison and failing to upgrade the available legal reference material and legal assistance to the level this state requires did willfully and maliciously act to deny me my constitutional right to access to the courts." [Doc. 1, p. 6]

He also alleged, "As a result of the actions of these three individuals all employed by Sheriff Mark Shumate, I have been denied the opportunity to research those laws that apply to my case for the past two years. Due to Sheriff Shumate's negligent leadership, RBDC Phase 2 and 3 both are operating under a policy which subjects inmates to a deprivation of their right to properly prepare a direct attack of their [convictions]..." [Doc. 1, p. 8] Plaintiff also complained that he has been denied the right to effective participation in the prison grievance process. [Doc. 1, Appendix A]

In an amended complaint filed on April 16, 2010, plaintiff alleged, "Since the filing of the

---

[2] The pleading submitted by plaintiff is inexplicably dated May 3, 2010.

complaint, and after further research of applicable law, plaintiff has determined that the most precise phrase is 'deliberate indifference' and /or 'callous indifference' in regards to [defendants'] attitude towards my constitutional rights." [Doc. 4]

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. Plaintiff has provided the facts necessary to complete an initial review and need not be afforded an opportunity to amend. All of plaintiff's factual allegations, taken as true for the purposes of this report, indicate that his claims are frivolous.

## 2. Access to Courts

Plaintiff claims that the defendants have denied him his Constitutionally protected right of access to the Court. He cites two specific instances, both of which are discussed below.

### a. Appeal

First, plaintiff claims that he was denied the right of access to the courts during his direct appeal process and he claims that but for the deficiencies in the prison law library, including untrained inmate counsel, he would have obtained a favorable judgment on direct appeal. [Doc. 1, p. 6]

The right to access the courts requires that inmates be allowed a reasonably adequate

opportunity to file non-frivolous lawsuit challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). Prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)("Of course, we leave it to prison officials to determine how best to ensure that inmates ... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.") A prisoner's right of access to the courts can be satisfied through either appointed counsel, or access to a law library, or access to legally trained assistant. *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977).

 As shown above, plaintiff was provided court-appointed appellate counsel and thus he was provided an acceptable alternative to access an adequate law library or trained paralegal. See *Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (relying on *Bounds v. Smith*, 430 U.S. at 830, 97 S.Ct. 1491); *Love* v. *Summit County*, 776 F.2d 908, 914 (10th Cri. 1985); *Walker v. Navarro County Jail*, 995 F.2d 223 (5th Cir. 1993)(unpublished). In other words, while prisoners like the plaintiff have a right to adequate, effective and meaningful access to the courts, access to an adequate law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts. See *United States v. Taylor*, 183 F.3d 1199 (10th Cir.1999), *cert. denied* by *Taylor v. U.S.*, 528 U.S. 904, 120 S.Ct. 244, 145 L.Ed.2d 205 (1999).

 Plaintiff's constitutional right of access to courts was satisfied by the appointment of appellate counsel and his claim to the contrary must be dismissed as frivolous. Compare *Degrate*

7

*v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996).

***b. Motion for Transcripts***

Plaintiff also complains that the defendants prevented him from filing a writ application seeking review of the district court's denial of his motion for trial transcript. According to plaintiff, he requested that a document (apparently the judgment of the District Court denying his Motion for Transcripts) be photocopied on September 28, 2009. He intended to include this document in his writ application which he was required to file on or before October 8, 2009. When his request was denied for lack of funds in his inmate account, plaintiff abandoned his attempt to invoke the supervisory jurisdiction of the Court of Appeals because "... he knew from previous experience that the appellate court would not consider an incomplete application..." [Doc. 1, p. 8]

Plaintiff's abandonment of his writ application was uncalled for. Under Louisiana law he could have requested an extension of the return date pursuant to Rule 4-3 of the Uniform Rules of the Courts of Appeal which provides, "Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period."

Plaintiff apparently had sufficient funds prior to September/October 2009 and he apparently had sufficient funds after that date as is demonstrated by the numerous filings made both before and after the expiration of the return date. Plaintiff could have sought an extension of the return date. At some point in time, he would have been able to pay for the photocopy he

claims he needed.³ Thus, plaintiff's failure to obtain supervisory review of the denial of his motion for transcripts cannot be attributed solely to the acts of the defendants.

In any event, even if the defendants interfered with plaintiff's access to the court, in order to prevail on such a claim, plaintiff must demonstrate an actual injury stemming from defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To prevail on such a claim, a prisoner must show that his legal position has been prejudiced. See *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). He must allege and ultimately demonstrate that he was prevented from raising <u>a meritorious legal issue</u>. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (emphasis supplied).

Plaintiff filed a motion to obtain a free copy of his trial transcript in the First Judicial District Court. His motion was apparently denied and he decided to invoke the supervisory jurisdiction of the Second Circuit Court of Appeals. He now implies that but for the defendants' interference, his writ application in the Second Circuit would have been timely filed and granted and that Court would have ordered the production of the transcript.

Under Louisiana law, the District Courts are required to provide free copies of the following documents to indigent inmates: (1) the transcript of the guilty plea colloquy; (2) the bill of information or grand jury indictment; (3) court minutes; (4) transcripts of post-conviction evidentiary hearings; and, (5) copies of the documents committing them to custody. See *State of Louisiana ex rel. Simmons v. State of Louisiana*, 647 So.2d 1094 (La. 1994). In order to obtain a free copy of his trial transcript, however, an indigent prisoner must show a "particularized need"

---

³ According to the statement of accounts submitted by RBDC, during the 6 months preceding January 22, 2010, a time period that included September/October 2009, plaintiff's average balance was $62.67 and his average monthly deposits were $61.66. [Doc. 2, p. 7]

9

for the documents. *State of Louisiana ex rel. Bernard v. Criminal Dist. Court, Section J*, 653 So.2d 1174. As further noted by the Louisiana Supreme Court,

> For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La.C.Cr.P. art. 924 *et seq*. <u>That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors."</u> *State ex rel. Payton v. Thiel*, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also 'specify[ ] with reasonable particularity the factual basis for such relief,' and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. <u>An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support.</u> See *Payton*, supra; *State v. Drozd*, 116 Ariz. 330, 569 P.2d 272, 274 (Ct.App.1977) ('[d]ue process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of events or occurrences which constitute grounds for collateral attack'). *Cf. Cutbirth v. State*, 695 P.2d 156, 159 (Wyo.1985) ('a petition for post-conviction relief must be on file and the district court must determine that the petition has merit' before an inmate will receive free copies of transcripts); *Reed v. State*, 310 Ark. 651, 840 S.W.2d 165, 166 (1992) (free copies of 'material on file' available to inmate only when he 'demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for post conviction relief').

*State ex rel. Bernard v. State*, 653 So.2d at 1175.

In his complaint, plaintiff alleged his need for the transcript as follows, "... I filled out a request form addressed to Asst. Warden James Shaw informing him that I was in the process of preparing a federal *habeas corpus* petition. I explained that I was in need of legal assistance and access to legal reference material in order to ensure it would be prepared correctly... I explained ... that without a copy of my entire trial transcript I wold be unable to make references to the appropriate parts of my trial record that will support the arguments I plan to advance in a federal

10

*habeas corpus* petition and that I was filing the application with the 2nd Circuit Court of Appeals in an attempt to obtain it..." [Doc. 1, pp. 7-8] In other words, under Louisiana law, plaintiff could not make a showing of particularized need because there was no properly filed or pending collateral attack setting out specific claims of constitutional errors requiring the requested documentation for support. That being the case, plaintiff has not shown an actual injury stemming from defendants' allegedly unconstitutional conduct (*Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)); nor has he shown that his legal position has been prejudiced (*Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988)); nor has he demonstrated that he was prevented from raising <u>a meritorious legal issue</u>. (*Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (emphasis supplied)).

      Plaintiff's access to courts complaint should be dismissed as frivolous.

### 3. Grievance

      Plaintiff also complained that his inmate grievances were not answered. In so doing, plaintiff raises another frivolous claim. The narrowing of prisoner due process protections announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629

(Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since plaintiff has no constitutionally protected right to a prison grievance procedure, his current claim does not allege a violation of the Constitution or laws of the United States and is therefore frivolous.

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 4, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE