RECEIVED
IN MONROE, LA

OCT 0 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DENNIS D. THOMAS | CIVIL ACTION NO. 3:10-CV-0478 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN ALVIN JONES, ET AL. | MAG. JUDGE KAREN L. HAYES |

### RULING

Pending before the Court is a Motion to Reconsider/Motion to Alter or Amend Judgment ("Motion to Reconsider") [Doc. No. 16] filed by Plaintiff Dennis D. Thomas. Plaintiff alleges that he provided notice to the Clerk of Court of his change of address, but he was not timely provided a copy of the Court's June 29, 2010 Judgment [Doc. No. 8], adopting the Report and Recommendation of the Magistrate Judge [Doc. No. 5]. He contends that the Court should vacate its Judgment and grant him leave to amend to "fix any problem which may exist in the original complaint by filing an amended complaint OR order the defendants to answer plaintiff's allegations before making any determination of whether or not there exists a genuine issue of material fact." [Doc. No. 16, p. 8].

Plaintiff filed this action on March 16, 2010. [Doc. No. 1]. On March 30, 2010, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis*. On April 16, 2010, Plaintiff filed an Amended Complaint [Doc. No. 4]. On May 4, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 5], recommending that the Court dismiss Plaintiff's lawsuit as frivolous. On May 17, 2010, Plaintiff notified the Court that he had not received a copy of the Report and Recommendation. After verifying that Plaintiff remained at the Riverbend Detention Center, the Clerk of Court forwarded a copy of the Report and

Recommendation to him a second time.

On May 19, 2010, Plaintiff filed an Objection to the Report and Recommendation [Doc. No. 7]. The Objection contained twelve pages of argument plus an exhibit. After having reviewed the record, including Plaintiff's Objection, on June 29, 2010, the Court issued a Judgment [Doc. No. 11] adopting the Report and Recommendation of the Magistrate Judge and dismissing the case. On the same day, a copy of the Judgment was forwarded to Plaintiff's last known place of incarceration, Riverbend Detention Center.

However, on July 6, 2010, Plaintiff's Notice of Change of Address, dated June 16, 2010, was received by the Clerk of Court. The Notice stated that Plaintiff had been moved to Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana.

On July 12, 2010, the Court's Judgment was returned to the Clerk of Court by Riverbend Detention Center marked "return to sender." On the following day, the Clerk of Court forwarded another copy of the Court's Judgment to Plaintiff at EHCC.

On July 15, 2010, the Clerk of Court received Plaintiff's Motion to Appoint Counsel, dated July 11, 2010. The motion was subsequently denied as moot by the Magistrate Judge. [Doc. No. 12]. Plaintiff's Motion to Appoint Counsel indicated that he was then confined at Winn Correctional Center in either Winnfield or Shreveport, Louisiana.[1] Winn Correctional Center is actually located in Atlanta, Louisiana. Regardless, Plaintiff did not point out his change of address, and the Clerk of Court did not make the change in its records.

On July 21, 2010, the copy of the Court's Judgment sent to Plaintiff at EHCC was

---

[1] At the end of the motion, Plaintiff listed his address as Winn Correctional Center in Winnfield, Louisiana, but the city was listed as Shreveport, Louisiana, on his envelope.

returned to the Clerk of Court marked "return to sender/not at EHCC." [Doc. No. 13]. The Magistrate Judge's order denying appointment of counsel was also returned. [Doc. No. 14].

On September 10, 2010, Plaintiff filed a Notice of Change of Address with the Clerk of Court in which he listed his address as Winn Correctional Center in Atlanta, Louisiana. The Clerk of Court then forwarded Plaintiff a copy of the docket sheet and the order denying appointment of counsel.

On September 22, 2010, the Clerk of Court received the pending Motion to Reconsider [Doc. No. 16].

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). If the motion is filed within fourteen (14) days of entry of judgment, the Court must treat it as a motion to alter or amend under Rule 59(e). A Rule 59(e) motion to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quotation marks and citation omitted).

If a motion for reconsideration is filed more than fourteen (14) days after entry of judgment, the Court must treat it as a motion for relief from judgment under Rule 60(b). Under Rule 60(b), the Court may grant relief from judgment on the following bases: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

3

diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).

In this case, Plaintiff does not meet either standard. Even if he can show that his motion should be treated as one to alter or amend judgment under Rule 59(e) because of his lack of notice of the Court's entry of Judgment, he has not provided the Court with new evidence, nor identified a manifest error of law or fact. Plaintiff has done nothing more than rehash the arguments in his Objection to the Report and Recommendation, which was previously considered and rejected by the Court.

Moreover, Plaintiff does not provide any basis justifying relief from judgment under Rule 60(b), and the Court finds no reason to vacate its judgment. The Magistrate Judge properly conducted an initial frivolity review of Plaintiff's Complaint and Amended Complaint, determined his allegations to be frivolous, and made a recommendation to this Court that his action be dismissed. The Court properly considered the entire record, including Plaintiff's objections, prior to issuing its Judgment dismissing Plaintiff's action.

Plaintiff's Motion to Reconsider [Doc. No. 16] is DENIED.

MONROE, LOUISIANA, this 1 day of October, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE