RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/2/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DENNIS D. THOMAS** | **CIVIL ACTION NO. 3:10-CV-0478** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN ALVIN JONES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Consistent with the August 17, 2011 order [Doc. No. 30] of the United States Court of Appeals for the Fifth Circuit, the Court now construes Plaintiff Dennis D. Thomas' ("Thomas") October 28, 2010 notice of appeal [Doc. No. 20] as a timely motion to reopen the appeal period pursuant to Federal Rule of Appellate Procedure 4(a)(6).

Rule 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

---

[1]Rule 77(d)(1) provides:

(d) Serving Notice of an Order or Judgment.

(1) Service.

Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

  (C) the court finds that no party would be prejudiced.

FED. R. APP. P 4(a)(6).

  In this case, the Court's Judgment [Doc. No. 8] was entered on June 29, 2010. Thus, under subsection (A), the Court must first determine if Thomas received notice of the Judgment by July 20, 2010. It is clear that he did not. In his Motion to Reconsider/Motion to Alter or Amend Judgment [Doc. No. 16], Thomas states that he "never received" a copy of the Judgment itself and that he had no notice of entry of Judgment until he received a copy of the docket sheet on September 14, 2010. Notice was not given until more than 21 days after Judgment was entered; thus, Thomas satisfies the condition in subsection (A).

  Thomas also satisfies the condition in subsection (C) because this case was dismissed during the initial frivolity review prior to service of any of the named Defendants. Thus, no party would be prejudiced by the reopening of the appeals period.

  However, Thomas fails to satisfy the condition in subsection (B) that his motion was filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, **whichever is earlier**." FED. R. APP. P. 4(a)(6)(B) (emphasis added). In its order [Doc. No. 30], the Fifth Circuit determined that Thomas filed his motion within 180 days after the Court's June 29, 2010 Judgment was entered, but noted that it is "arguable whether provision of a copy of the docket sheet constituted adequate notice of entry of judgment under Rules 77(d) . . . and 5(b)." [Doc. No. 30, p. 4].

  In its order, the Fifth Circuit cited to its recent unpublished decision in *United States v. Hurst*, 2011 WL 2078602 (5th Cir. May 25, 2011). In that case, Lewis Gilmore Hurst ("Hurst")

2

filed a habeas motion pursuant to 28 U.S.C. § 2255 challenging his 2004 federal convictions. The district court denied his motion on September 6, 2009. Although Hurst did not appeal the judgment, on January 28, 2010, he filed a motion requesting clarification of the termination of his section 2255 motion. According to Hurst, he first learned of the district court's termination of his section 2255 motion when he received a copy of the docket sheet on January 26, 2010. This docket sheet stated on its face that documents should be filed in Hurst's related criminal case. The docket sheet also showed that Hurst's case was "terminated" on November 18, 2009, not September 6, 2009, the date of entry of the order denying his 2255 motion. The docket sheet did not state "expressly that an order was entered denying the section 2255 motion." *Id.*

On February 7, 2010, the district court entered an order which purported to clarify that Hurst's 2255 motion had been denied without mentioning the date of the denial.

On March 17, 2010, Hurst filed a motion supported by a sworn declaration in which he requested that the dismissal order be re-entered, so that he could timely file a notice of appeal. The district court construed Hurst's motion as a request for reconsideration, which it denied. Hurst timely appealed the district court's denial of this motion.

On appeal, the Fifth Circuit "construed Hurst's March 17, 2010, filing as a Rule 60(b)(6) motion requesting relief from the order denying the January 28, 2010, motion for clarification." *Id.* at *2. The Fifth Circuit then held:

> We hold that the district court abused its discretion in denying the Rule 60(b)(6) motion and in failing to construe the January 28, 2010, motion for clarification as a request for relief under Rule 4(a)(6). We note that there is an unresolved issue of fact as to when Hurst was provided with adequate notice of entry of the order denying his section 2255 motion. We need not decide, at this juncture, whether mailing the civil docket sheet to Hurst constituted adequate notice for purposes of Rule 77(d) of the Federal Rules of Civil Procedure. *See* Fed. R. App. P. 4(a)(6)(B). The district court's order denying the Rule 60(b)(6) motion is

3

>  VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

*Id.*

In this case, however, the concerns present in *Hurst* regarding adequacy of notice under Rule 77(d) are absent. First, the docket sheet in *Hurst* indicated that all documents related to his section 2255 motion were to be filed in the underlying criminal case. Here, Thomas filed a civil rights complaint pursuant to 42 U.S.C. § 1983, and all documents related to his complaint have been filed under this same docket number. Second, Hurst knew only that his motion had been "terminated," but it was not clear from the docket sheet he was provided exactly when or why the motion had been terminated. In contrast, by September 14, 2010, Thomas knew both the date the Judgment had been entered dismissing his case and the basis for that Judgment. He had previously received, reviewed, and filed objections to the Report and Recommendation of the Magistrate Judge. [Doc. Nos. 5 and 7]. While Thomas did not receive the two copies of the Court's June 29, 2010 Judgment mailed to him at addresses he provided, he acknowledges that he received the docket sheet on September 14, 2010, and presumably also received the copy of the denial of the appointment of counsel forwarded by the Clerk of Court on the same date [Doc. No. 15]. The docket sheet clearly notified Thomas that, on June 29, 2010, the Court entered "JUDGMENT ADOPTING 5 Report and Recommendation of the Magistrate Judge. IT IS ORDERED that Plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous in accordance with the provisions of 28 U.S.C. 1915(e)(2)(B). Signed by Chief Judge Robert G[sic] James on 6/29/10." [Docket Sheet, text entry for Doc. No. 8]. Additionally, in the electronic order denying Thomas' motion for appointment of counsel, Magistrate Judge Hayes stated that his "[c]ase has been dismissed as frivolous and is now closed." [Doc. No. 12].

4

Thomas subsequently relied on the docket sheet to file his Motion to Reconsider/Motion to Alter or Amend Judgment.

Under the specific facts of this case, the Court finds that no later than September 14, 2010, Thomas received notice of the entry of the Court's June 29, 2010 Judgment, as required by Rules 77(d) and 5(b). Accordingly, under subsection (B), Thomas was required to file any motion to reopen the appeal period by September 28, 2010, fourteen (14) days after his receipt of notice of the Judgment. While Thomas filed his Motion to Reconsider/Motion to Alter or Amend Judgment within the fourteen-day period, he did not file the Notice of Appeal of the Court's June 29, 2010 Judgment until October 27 or 28, 2010.[2] As it is Thomas' notice of appeal which the Fifth Circuit has instructed that the Court construe as a motion to reopen the appeal period, the filing date of that pleading is determinative. While Thomas filed his motion within 180 days of the date the June 29, 2010 Judgment was entered, he failed to satisfy the condition in subsection (B) because he did not file the motion by the earlier date of September 28, 2010. Accordingly, his motion to reopen the appeal period must be DENIED.

MONROE, LOUISIANA, this __31__ day of __August__, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Notably, Thomas indicated on his Notice of Appeal that he was placing it in the prison mailing system on October 28, 2010, but the envelope is postmarked October 27, 2010, and the Notice of Appeal was received by the Clerk of Court the following day. As his pleading is deemed filed at the time it is deposited in the prison mailing system, the Court acknowledges that the motion may have been filed a day earlier on October 27, 2010, but this discrepancy does not change the Court's analysis.